## Hasting v. Loftus

C.P. of Bucks County, no. 96-856-13-2.

*Thomas J. Hornak,* for plaintiff.
*Dennis P. Herbert,* for defendant.

BIEHN, *P.J.,* October 2, 1997—This matter is before the court pursuant to defendants' motion for summary

judgment regarding plaintiff's claims for noneconomic loss resulting from a September 2, 1994 automobile accident. For reasons stated herein, defendants' motion for summary judgment is granted.

At the time of the accident, plaintiff was insured under a limited tort option with AllState Insurance Company in accordance with 75 Pa.C.S. §1705.[1] The limited tort option provides that, in exchange for a lower premium rate, an insured is restricted in his or her right to recover noneconomic damages. The limited tort alternative, however, is subject to certain exceptions, including the "serious injury" exception, which is the subject of this litigation. 75 Pa.C.S. §1705(d).

The Pennsylvania Motor Vehicle Financial Responsibility Law defines serious injury as "a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. §1702. In evaluating the seriousness of an injury, *Dodson* noted that although Pennsylvania courts had not conclusively interpreted "serious bodily injury," the definition in

---

1. In order to lower insurance premiums for consumers, the Pennsylvania Legislature enacted the 1990 amendments to the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq. See *Dodson v. Elvey,* 445 Pa. Super. 479, 665 A.2d 1223 (1995).

Plaintiff argues that she did not make an informed and valid election because she was not provided with the cost comparisons at the time she made her initial selection. Therefore, plaintiff argues that she is presumed to have full tort coverage. We cannot agree with plaintiff's position in light of the recent Superior Court decision, *Donnelly v. Bauer,* 453 Pa. Super. 396, 684 A.2d 1242 (1996), *allocatur granted,* 693 A.2d 967 (Pa. 1997). In *Donnelly,* the court held that the limited tort option description required for new applications clearly explained the rights that were restricted and the legal effect of each option. Therefore, the absence of a cost comparison form did not preclude defendants from raising the limited tort waiver defense. *Id.*

Pennsylvania's Air Pollution Control Act was persuasive:

"[An injury] which involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement or protracted loss or impairment of the function of a bodily member, organ or mental faculty." *Dodson, supra* at 500, 665 A.2d at 1234, citing 35 Pa.C.S. §4009(d).

In order to qualify as a serious impairment, an injury must have a significant impact on a plaintiff's life for an extended period of time. *Dodson, supra,* citing *Oswin v. Shaw,* 129 N.J. 290, 318, 578 A.2d 415, 429 (1992). Although the *Dodson* court agreed that the plaintiff suffered an impairment of body function in the use of his right arm, the record was devoid of any evidence indicating serious interference with plaintiff's daily life, and, therefore, the injury did not amount to a "serious injury." *Dodson, supra* at 502, 665 A.2d at 1235.

Similarly, in *Murray v. McCann,* 442 Pa. Super. 30, 658 A.2d 404 (1995), the court considered whether plaintiff's injury constituted a serious injury. In *Murray,* the plaintiff claimed "serious injury" when she was hit by an automobile while crossing the street on foot. After the accident, plaintiff was briefly treated at the hospital, confined to home for approximately one week, and missed approximately two and one-half weeks of work. For four months thereafter, plaintiff sought treatment for pain in her legs, back, neck and right hip. Although the pain in plaintiff's hip and legs subsided, she continued to suffer discomfort with her neck and back for several years.

The Pennsylvania Superior Court affirmed the trial court's findings that plaintiff's injuries were not serious injuries. In determining whether the impairments were serious, the appellate court agreed that several factors

should be considered: "the extent of the impairment, the particular body function impaired, the length of time the impairment lasted, [and] the treatment required to correct the impairment." *Id.* at 36, 658 A.2d at 407, citing *DiFranco v. Pickard,* 427 Mich. 32, 398 N.W.2d 896, 914-15 (1986).[2] The court held that although plaintiff complained of some continued stiffness and pain, it did not interfere with her customary activities nor require her to take breaks at work. *Id.* at 37-40, 658 A.2d at 407-409. Therefore, such injuries were considered minor interferences in her daily life and were not considered serious. *Id.* at 40, 658 A.2d at 409.

In applying the above-cited principles of law to the facts of this case, we reviewed the record (including plaintiff's deposition) to determine the extent of plaintiff's injuries and how they affect her life. The record indicates that, following the accident, plaintiff complained of pain in her left shoulder and right knee. Plaintiff applied ice to her knee at home after the accident, and then had a friend drive her to the hospital. (Deposition of Heather Hastings, 3/17/97, p. 33.) An examination and x-rays were performed and the diagnosis was acute cervical strain, thoracic contusion and right knee contusion. X-rays indicated that the chest, cervical spine, ribs and right knee were normal. Plaintiff was released from the hospital with the recommendation that she continue applying ice and then heat to the knee. (Deposition of Heather Hastings, 3/17/97, p. 36.) No prescription medication was prescribed for the pain, although plaintiff was told to take over-the-counter Tylenol. (Deposition of Heather Hastings, 3/17/97, p. 39.)

---

2. The Pennsylvania Legislature modeled the limited tort law after the Michigan law. Therefore, the trial court in *Murray* correctly turned to guidance from Michigan's body of case law in determining the definition of a "serious injury." *Murray, supra.*

One week later, plaintiff was examined by her family physician and a diagnosis of cervical strain and sprain, trapezius myositis and contusion of the right knee was made. Plaintiff engaged in physical therapy for approximately one month before consulting with an orthopedist. An MRI revealed that plaintiff had some damage to the patella and sprains in the ligaments. (Deposition of Heather Hastings, 3/17/97, p. 55.) Dr. Liebenberg recommended that plaintiff continue physical therapy but did not prescribe any medication for the pain. *(Id.)*

At the time of the accident, plaintiff was employed as a nail consultant. She missed three days of work immediately following the accident but subsequently was able to perform her work duties. (Deposition, p. 46.) Plaintiff also returned to her modeling job, although with less frequency. (Deposition of Heather Hastings, 3/17/97, p. 48-50.) Plaintiff attended college at the time of the accident; however, she missed no classes following the accident. *(Id.* at 51.)

A court confronted with a motion for summary judgment on a serious injury claim must make the threshold determination of whether plaintiff should be entitled to proceed on a claim of serious bodily injury. *Dodson, supra* at 494, 665 A.2d at 1231.[3] When contemplating a claim premised upon an averment of serious impairment of bodily function, the court must consider: (1) whether the plaintiff, as the moving party, has established that he or she has suffered serious impairment of a bodily function; (2) whether the defendant, as the

---

3. The *Dodson* court reasoned that permitting all plaintiffs who claimed serious impairment of a bodily function to proceed to a jury trial on that issue would thwart the Pennsylvania Legislature's intent in enacting the Motor Vehicle Financial Responsibility Law by causing elevated insurance premiums from the increased litigation. *Id.*

moving party, has established that the plaintiff has not suffered serious impairment of a bodily function; or (3) whether there remains a genuine issue of material fact such that the issue should be resolved by the jury. *Id.*

Several Pennsylvania courts have evaluated the serious injury threshold in relation to *Dodson, supra.* In *Day v. Linden Lohr,* 115 Dauph. 401 (1995), the trial court concluded that plaintiff's permanent, mild soft tissue injury requiring one month of physical therapy with continued neck soreness and accompanying headaches did not constitute serious injury when it restricted household activities and tennis. Similarly, this Bucks County Court of Common Pleas held in *Lalena v. Murray,* 28 D.&C.4th 452 (1995) that forehead stitches and two fractures in the left foot entailing two months of therapy without interference in prior life activities did not constitute serious impairment to plaintiff. See also, *Davies v. Roshong,* 33 D.&C.4th 320 (1996), aff'd, 698 A.2d 673 (1997) (plaintiff's injuries did not meet the serious injury threshold although she was unconscious for a short period of time, suffered a fractured skull, and had surgery for root canal).

Defendants, as movants, must show that plaintiff has not suffered a serious impairment of bodily function. Advancing this position, defendants have noted that plaintiff returned to her place of employment within three days of the accident. Shortly thereafter, she continued skiing, roller blading, dancing and driving. In addition, plaintiff returned to her modeling job one month after the accident and never missed any school days as a result of the accident. Moreover, plaintiff has not missed any work from her current position as a dental technician.

While we recognize that employment alone is not conclusive in establishing that plaintiff has not incurred a "serious injury," [4] we believe that the facts in this case are sufficient to warrant a summary judgment. A reading of plaintiff's testimony establishes that she still engages in the activities which she enjoyed prior to the accident. Plaintiff is still capable of skiing, although she has only skied three times since the accident. Within one year of the accident, plaintiff could roller blade once or twice a week. Moreover, plaintiff still goes dancing although she does not dance as long as she did prior to the accident. In addition, plaintiff joined a gym and works out there twice a week. While she cannot do certain exercises such as squats, she can still participate in an aerobic class.

As in *Day, Lalena, Dodson,* and *Murray,* plaintiff's discomfort did not qualify as a serious impairment of body function or permanent serious disfigurement. See Pa.C.S. §1702. In holding so, we do not mean to minimize the pain that plaintiff has endured. However, we do not believe that plaintiff's injuries have reached the threshold level of seriousness as contemplated by the Pennsylvania Legislature. Plaintiff continued to work and was able to proceed with her life activities, with limited impairment. Therefore, defendants are entitled

---

4. See *Leonelli v. McMullen,* 700 A.2d 525 (Pa. Super. 1997). In a recent decision, the Pennsylvania Superior Court reversed the trial court's summary judgment finding concerning the serious injury exception to the limited tort option. In *Leonelli,* the court held that the following factors were insufficient to conclusively establish the absence of a serious injury: merely obtaining employment, voluntarily refraining from certain activities, and failure to immediately consult with a physician. *Id.* at 10-11. Unlike the facts in *Leonelli,* however, we believe that the record in the instant action does support a finding that plaintiff did not suffer a serious impairment of bodily function.

to summary judgment on the issue of noneconomic claims.

## ORDER

And now, October 2, 1997, upon consideration of defendants David and Eileen Loftus' motion for summary judgment, plaintiff Heather Hastings' response, and parties' memoranda thereto, it is hereby ordered and decreed that the motion for summary judgment is granted.