## McGhee v. Hink

*David J. Stutman*, for appellant.
*Michael N. Corr,* for appellee.

McANDREWS, *J.,* January 22, 1998—This matter is before the court pursuant to plaintiff's appeal from summary judgment entered in favor of defendant on November 7, 1997.

This case involves a claim for personal injuries arising out of a motor vehicle accident which occurred on December 29, 1994. Plaintiff Ryan McGhee was walking north on Weismann Way in Lower Makefield Township, Bucks County, when he was struck by a car driven by defendant Doris Josephine Hink. Plaintiff alleges that defendant's car struck him, suddenly and without

warning, in the left leg. The impact spun plaintiff around, throwing him into a nearby grass field. Plaintiff looked up and observed the car that had struck him pulling into a nearby driveway. Plaintiff then walked up to defendant and confronted her. Ultimately, plaintiff instituted legal action against defendant to recover noneconomic damages allegedly resulting from the accident.

Prior to trial, defendant filed a motion for summary judgment. The gravamen of that motion was that plaintiff's claim for noneconomic damages was precluded as a matter of law because plaintiff was insured under a limited tort option at the time of the accident and the injured plaintiff did not sustain serious injury, in the form of "serious impairment of body function," as defined by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§1702, 1705. For the reasons set forth below, the court agreed with that position and granted summary judgment in favor of defendant.

For the purposes of deciding the motion for summary judgment, it is well settled that the court considers the facts in the light most favorable to the non-moving party, in this instance, the plaintiff. *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991); *Carns v. Yingling*, 406 Pa. Super. 279, 594 A.2d 337 (1991). However, the record discloses no real substantive dispute over what injuries were sustained by plaintiff Ryan McGhee. In circumstances where no dispute exists, the court must resolve the threshold question of whether plaintiff's claim is precluded as a matter of law for lack of "serious impairment of body function." *Dodson v. Elvey*, 445 Pa. Super. 479, 497, 665 A.2d 1223, 1232 (1995).

In the instant case, plaintiff was insured under the limited tort option provided for by the PMVFRL at

the time of the accident. In exchange for lowered premiums, individuals who make the limited tort election may not recover for noneconomic losses such as pain and suffering except upon a showing of "serious impairment of body function." The issue before the court was whether plaintiff Ryan McGhee's injuries met this threshold.

After the accident, plaintiff was treated at St. Francis Medical Center emergency room for cuts and abrasions and released. On April 3, 1995, plaintiff went to William Gomez, M.D. seeking treatment for prolonged leg pain. Dr. Gomez diagnosed plaintiff as suffering from mild tendinitis in his hamstrings. The following fall plaintiff traveled to Arizona, where he was enrolled in college. When the pain failed to subside at the end of the semester, plaintiff consulted an orthopedic surgeon, Cato Laurencin, M.D. Dr. Laurencin's initial diagnosis was that Mr. McGhee suffered either hamstring tendonitis or a tear of the left knee meniscus. Subsequently, an MRI of the knee was ordered, from which another doctor, Dr. David Sabbar, concluded that a meniscal tear could not be ruled out without clinical correlation. In January of 1996, Dr. Laurencin diagnosed plaintiff's injury as a torn left knee meniscus based on both his clinical evaluation and the MRI results. In the summer of 1996, plaintiff consulted with a physical medicine specialist Robyn Agri, M.D., who concluded, on the basis of clinical evaluation and yet another MRI, that plaintiff suffered from a torn left knee meniscus and possibly a torn right knee meniscus as well. Most recently, in the spring of 1997, plaintiff visited Dr. Joseph Torg, who concluded he had not suffered significant meniscal or conylar damage. In the summer of 1997, plaintiff saw a neurologist, Dr. Jay Klazner, who opined that his continued left knee pain may be partly attributable to left lumbar radiculopathy. Plaintiff now points

to this extensive medical history, and from that, argues that summary judgment cannot be granted in the face of such objective evidence of injury.

We think plaintiff's reliance on the objective evidence of his injury is misplaced. The Dodson court explained that "in deciding whether a material issue of fact exists for the jury, the judge should not focus on the injury, but should focus on the nature and extent of plaintiff's impairment as a consequence of the injury." *Id.* at 494, 665 A.2d at 1231. In other words, evidence of any injury is not enough. Instead, the focus of the court's inquiry is on the effect of the injury. In the instant case, plaintiff has simply failed to put forth sufficient evidence with respect to serious impairment of a bodily function. In fact, reviewing the record as a whole, it appears that there is literally nothing plaintiff could do before his accident that he cannot do today. Although plaintiff complains that he cannot play recreational sports at the same skill level he played prior to the accident, there has been no suggestion that he cannot play recreational sports at all, or has been ordered not to do so by a physician. See *id.* at 499, 665 A.2d at 1234 ("An impairment involves more than the injury itself. The consequences of the injury must involve a serious impact for an extended period of time on a plaintiff's life.").

Plaintiff relies on the more recently decided *Leonelli v. McMullen*, 700 A.2d 525 (Pa. Super. 1997), arguing by analogy that summary judgment is not appropriate here because in *Leonelli,* the court found that the plaintiff's resumption of some preaccident activities does not mean his or her injury is not serious. We think *Leonelli* distinguishable. There, the court found that "[a]s a whole, the record includes sufficient evidence tending to show that appellant's injuries substantially

interfered with her normal activities for a substantial period of time." *Id.* at 529. By contrast, here the record is devoid of evidence that McGhee's injuries substantially, or otherwise, interfered with his normal activities. The record reflects that his studies were not disrupted, he was able to work a part-time job, continue playing sports albeit not at the same skill level, and work out with weights. This is not to discount plaintiff's complaints with respect to subjective pain caused by his injuries. However, in the instant case, despite experiencing pain and discomfort, the evidence indicates plaintiff was able to resume all of his normal activities almost immediately.

Based upon the foregoing, the court concluded that plaintiff has not met the section 1702 threshold, and therefore, granted the motion for summary judgment.