## Cipressi v. Mahoney

C.P. of Bucks County, no. 96-2306-13-2.

*Jay M. Leffler,* for plaintiff.
*Thomas A. Blackburn,* for defendant.

BIEHN, *J.,* April 3, 1998—This matter is before the court pursuant to defendant's motion for partial sum-

mary judgment regarding plaintiff's claims for non-economic loss resulting from an April 21, 1994 automobile accident. For reasons stated herein, defendant's motion for partial summary judgment is granted.

At the time of the accident, plaintiff was insured under a limited tort option in accordance with 75 Pa.C.S. §1705. The limited tort election provides that, in exchange for a lower premium rate, an insured is precluded from recovering noneconomic damages unless the injuries fall within the "serious injury" exception. The Pennsylvania Motor Vehicle Financial Responsibility Law defines serious injury as "[an] injury resulting in death, serious impairment of bodily function or permanent serious disfigurement." 75 Pa.C.S. §1702.

The court, as a matter of law, must make the threshold determination of whether plaintiff has suffered a serious impairment of bodily function. *Dodson v. Elvey,* 445 Pa. Super. 479, 665 A.2d 1223 (1995), *appeal granted,* 544 Pa. 608, 674 A.2d 1072 (1996). When confronted with a motion for summary judgment, the court must initially determine: "(1) [W]hether the plaintiff as moving party has established that he or she has suffered serious impairment of a body function; (2) [W]hether the defense, as moving party, has established that [the] plaintiff has not suffered serious impairment of a body function; or (3) [W]hether there remains a genuine issue of material fact for the jury to decide." [1] *Id.* at 494, 665 A.2d at 1231.

---

1. Contrary to plaintiff's assertion, there is no dispute between the parties as to the injuries that exist. The only dispute is whether these injuries are considered "serious" within the meaning of the statute, and therefore, this determination must be made by the trial judge. See *Kelly v. Ziolko,* 705 A.2d 868, 872 (Pa. Super. 1997) ("only where there is a substantial dispute of fact on the issue must the question go to the jury").

In determining whether a person has suffered a serious impairment of a bodily function, the following factors should be considered: (1) the extent of the impairment; (2) the particular body function impaired; (3) the length of time the impairment lasted; (4) the treatment required to correct the impairment; and (5) how the injuries interfered with a person's life. *Murray v. McCann,* 442 Pa. Super. 30, 36-37, 658 A.2d 404, 407 (1995).

In applying the above-cited principles of law to the facts of this case, we reviewed plaintiff's deposition and medical records to determine the extent of plaintiff's injuries and how they affect her life. The record indicates that, following the accident, plaintiff was transported by ambulance to the hospital, where she complained of neck, back and right shoulder pain. She was examined and received a diagnosis of acute cervical and thoracic sprain and strain, trapezius myofascitis, contusion to the right elbow and cervical radiculopathy. She underwent physical therapy for approximately six months and missed almost two months of work. She subsequently underwent both EMG and MRI studies. The EMG indicated bilateral C6 radiculopathy. The MRI study revealed a mild ectopia of the cerebellar tonsils, but otherwise, was completely normal.

At the time of the accident, plaintiff was employed as a full-time nurse's aide. While she is still employed in this capacity, she is restricted to light lifting and requires the assistance of another person in lifting patients. She is capable, however, of lifting four to five patients a day with assistance.

Aside from this light lifting restriction at work, the only other restrictions she testified to are her inability to walk long distances and to engage in certain household chores. With respect to her current physical condition, she still complains of numbness and tingling

in the right arm, headaches and back pain; however, these symptoms only occur a few times per month. In addition, she is not currently taking any medication for her discomfort.

In order to qualify as a serious impairment, an injury must have a significant impact on a plaintiff's life for an extended period of time. *Dodson, supra* at 499, 665 A.2d at 1234, citing *Oswin v. Shaw,* 129 N.J. 290, 318, 609 A.2d 415, 429 (1992). The focus of inquiry should not be on the injury, but on how the injury impaired the body function. *Dodson, supra* at 494, 665 A.2d at 1231. In *Dodson,* the plaintiff was diagnosed with cervical, lumbar and iliopsoas strain. *Id.* at 488, 665 A.2d at 1228. He was out of work for four months and participated in a physical therapy program. With respect to his daily activities, he testified that he could not bowl, play softball or lift weights, as he did before the accident. In addition, he could only use his left arm to carry his son. In affirming the trial court's dismissal of plaintiff's claims for noneconomic damages, the *Dodson* court concluded that while plaintiff had obviously suffered an impairment of a body function, there was no evidence indicating serious interference with plaintiff's daily life. Therefore, the injury did not amount to a "serious injury." *Id.* at 501, 665 A.2d at 1235.

Since the *Dodson* decision, a plethora of courts have addressed the issue of whether certain injuries fall within the purview of the "serious injury" exception. In *Adelman v. Conigliaro,* 68 Bucks Co. L.Rep. 140 (1995), *aff'd,* 455 Pa. Super. 689, 688 A.2d 1223 (1996), this court held that plaintiff could not overcome the limited tort threshold. Plaintiff was diagnosed with the following injuries resulting from a motor vehicle accident: questionable linear nondisplaced fracture of the fourth and

fifth ribs; acute, severe dorsal and lumbosacral strain and sprain. Plaintiff was treated for seven months and was out of work for seven months. Plaintiff's treating physician believed that plaintiff's injuries would cause chronic problems in the future. Plaintiff testified that he continued to have back problems and that he could no longer play tennis, go fishing, or mow the lawn. Nonetheless, the court held that there was no objective manifestations of impairment nor any evidence of significant interference with plaintiff's occupation or lifestyle. *Id.* at 143-44.

Similarly, in *Hassan v. Gindhart,* 69 Bucks Co. L. Rep. 105 (1996), this court again granted summary judgment on plaintiff's claims for noneconomic damages resulting from a motor vehicle accident. In *Hassan,* plaintiff's injuries consisted of left shoulder derangement, left thoracic outlet syndrome, tendinitis, cervical and thoracic strain and sprain, and myofascitis. He received physical therapy for five months and missed five to seven weeks from work. Plaintiff testified that he could not sit for long periods, could not lift heavy objects, and was no longer able to play tennis. We held that these difficulties did not reach the threshold level of serious injury because plaintiff was able to proceed with his life activities. See also, *Day v. Linden-Lohr,* 115 Dauph. 401 (1995) (holding that permanent, mild soft tissue injury requiring one month of physical therapy with continued neck soreness and accompanying headaches did not constitute serious injury when it restricted household activities and tennis); *Lalena v. Murray,* 28 D.&C.4th 452 (1995) (forehead stitches and two fractures in the left foot entailing two months of therapy without interference in prior life activities did not constitute serious impairment); *Davies v. Roshong,* 33 D.&C.4th 320 (1996), *aff'd,* 698 A.2d

673 (Pa. Super. 1997) (plaintiff's injuries did not meet the serious injury threshold although she was unconscious for a short period of time, suffered a fractured skull and had surgery for root canal).

Recently, this court again addressed the "serious injury" threshold in *Hastings*, where plaintiff's injuries included cervical strain and sprain, trapezius myofascitis and contusion of the right knee. Plaintiff engaged in physical therapy but was not taking any medication for the pain. We held that plaintiff's injuries did not reach the serious impairment threshold level as contemplated by the Pennsylvania Legislature. Plaintiff continued to work and was able to proceed with her life activities, with limited impairment.

Similarly, the Superior Court recently addressed the "serious injury" threshold and again followed the *Dodson* rationale in *Kelly v. Ziolko*, 705 A.2d 868 (Pa. Super. 1997). In *Kelly*, the plaintiff sustained severe pain in his neck, knees and intermittent numbness in two toes on his left foot. He underwent physical therapy and received an MRI which indicated that he suffered from a bulged, herniated disc. With respect to his daily activities, he asserted that he cannot sit for long periods of time, he has trouble sleeping, cannot run and is unable to walk or sit for longer than 15 minutes. He also was unable to engage in certain recreational activities such as riding his mountain bike, riding his motorcycle and hunting.

In affirming the trial court's determination that Kelly did not suffer a serious impairment, the court focused on the totality of the facts and not on one determinant factor alone. *Cf. Leonelli v. McMullen*, 700 A.2d 525 (Pa. Super. 1997) (trial court's decision to grant summary judgment was reversed when court relied solely

on plaintiff's inability to work after the accident and found this factor dispositive, rather than considering the record as a whole). While the *Kelly* court agreed that plaintiff suffered an impairment of a body function, the court recognized that impairment involves more than the injury itself. "A 'serious' impairment interferes substantially with an individual's normal activities, imposing more than a mild or slight limitation on such activity for an extended period of one's life." *Id.* at 874, citing *Dodson, supra* at 499-501, 665 A.2d at 1234. In reviewing plaintiff's daily activities, the Superior Court emphasized the fact that the plaintiff remained gainfully employed in his former occupation, although with minor limitations on lifting heavy objects. The court further noted that while plaintiff was restricted in his recreational activities, he received no current treatment or prescriptive medication.

A review of the deposition testimony and the medical records in the instant case reveals that plaintiff's injuries fall well within the parameters established by *Dodson, supra,* and recently enunciated again in *Kelly, supra.* Although plaintiff missed almost two months of work, she has resumed her former employment as a nurse's aide and is capable of lifting four or five patients a day with assistance. Moreover, she only experiences numbness in her fingers, headaches and backaches two to three times per month. Furthermore, she is no longer taking any medication for the injuries she sustained. See *Kelly, supra.* Aside from her light lifting restriction at work, the only other restrictions she testified to concerned household activities and her inability to walk long distances. The courts have consistently held that while such restrictions are impairments, they are not considered "serious impairments" as required by the statute. See *Kelly, supra; Hassan, supra; Day, supra; Lalena, supra; Davies, supra; Hastings, supra.*

104

Therefore, we find that the consequences of plaintiff's injuries do not fall within the parameters of the "serious injury" exception and, thus, defendant is entitled to a partial summary judgment on the issue of noneconomic damages.

## ORDER

And now, April 3, 1998, upon consideration of defendant Veronica Mahoney's motion for partial summary judgment, plaintiffs Maria E. Cipressi and Daniel Cipressi's response, and parties' memoranda thereto, it is hereby ordered and decreed that defendant's motion for partial summary judgment is granted.