## Dunlap v. Stevens

C.P. of Montgomery County, no. 94-02400.

*Stephen Older,* for plaintiff.
*Bruce Pancio,* for defendant.

SUBERS, *J.,* June 12, 1998—This is an appeal from this court's order granting summary judgment in favor of the defendant, Daniel Stevens, and against the plaintiff, Arnold Dunlap.

## FACTS

Dunlap initiated this action by filing a complaint on February 8, 1994. His complaint arises out of a motor vehicle accident which occurred on February 8, 1992. In the course of discovery, Stevens served supplemental interrogatories upon Dunlap's counsel, Jeffrey Brown, to determine the extent of lost wages, lost earning capacity and unpaid medical bills Dunlap alleged to have incurred as a result of the accident. Dunlap never filed a response, and Stevens filed a motion to compel answers to the supplemental interrogatories. On July 25, 1996, Judge Daniele of the Court of Common Pleas of Montgomery County entered an order requiring Dunlap to respond to the supplemental interrogatories within 30 days. Dunlap failed to do so, and Stevens filed a motion for sanctions. On July 16, 1997, this court granted Stevens' motion for sanctions and entered an order precluding Dunlap from presenting any claim for lost wages, lost earning capacity or payment of medical bills at any future arbitration or trial as a sanction for failure to comply with the July 25, 1996 order.

On July, 29, 1997, Jeffrey Brown, Esq., withdrew his appearance for Dunlap, and Stephen Older entered his appearance for Dunlap. On November 28, 1997, Stevens filed a motion for summary judgment on the grounds that Dunlap selected a limited tort option in his automobile policy and he was therefore precluded from recovering noneconomic damages since he failed to meet the threshold of a "serious impairment." On January 9, 1998, Dunlap filed a response to the motion for summary judgment, admitting that he was bound by the limited tort option and alleging there was a material fact at issue as to whether Dunlap had suffered a "serious impairment of a bodily function." After review of the memoranda submitted by both parties, this court entered an order granting summary judgment in favor of Stevens and against Dunlap. Dunlap filed a petition for reconsideration of the July 16, 1997 and March 31, 1998 orders.[1] Dunlap alleged in this petition that Dunlap was without counsel at the time the motion for sanctions was entered. Furthermore, Dunlap alleges he may be deemed a full tort plaintiff if his tort waiver form failed to provide the price differential between limited and full tort. Dunlap appealed the order granting summary judgment and raised three issues in his concise statement of matters complained of on appeal: (1) whether the court below erred in not vacating its order for sanctions when Dunlap's counsel, Jeffrey Brown, Esq., was unable to represent Dunlap from October 22, 1996 through the date of the order for sanctions due to a disabling medical condition; (2) whether the

---

1. A petition for reconsideration was filed by Dunlap on April 9, 1998 and an answer was filed on April 20, 1998. Dunlap filed his appeal on April 27, 1998 before the petition for reconsideration was ruled upon. For the purpose of this appeal, the petition for reconsideration is deemed denied.

court below erred in determining the plaintiff did not sustain a "serious injury" for the purposes of overcoming the limited tort threshold; (3) whether the court below erred in not reconsidering its order for summary judgment when the tort selection forms executed by Dunlap have been unobtainable to this point in time and said forms may not contain a cost comparison between the premiums for limited and full tort consistent with *Donnelly v. Bauer,* 453 Pa. Super. 396, 683 A.2d 1242 (1996), *appeal granted,* 548 Pa. 627, 693 A.2d 967 (1997).

## DISCUSSION

The first issue raised by Dunlap is that he was unrepresented when the order granting the motion for sanctions was entered; therefore, the order should be vacated. Absent a finding the trial court abused its discretion in imposing a discovery sanction, an appellate court will not reverse an order sanctioning a party which the trial court thought was necessary and proper. *Croyden Plastics Co. Inc. v. Lower Bucks Cooling and Heating,* 698 A.2d 625 (Pa. Super. 1997). Dunlap alleges that at the time of the motion to compel answers to supplemental interrogatories, his counsel, Jeffrey Brown, was suffering from a severe and debilitating medical condition that rendered him unable to practice law. Dunlap is presently represented by Stephen Older of the law firm of Black and Older.

On July 25, 1996, Judge Daniele entered an order requiring Dunlap to respond to supplemental interrogatories. Mr. Brown's paralegal, Dean Allen, was hired by the law firm of Black and Older around July 1996. In December of 1996, counsel for Stevens wrote to the law firm of Black and Older inquiring about their representation of Dunlap. The letter was sent to the attention of the paralegal, Dean. On October 23, 1996,

counsel for Stevens sent a letter to Black and Older granting an extension to respond to the motion for sanctions and also enclosing a copy of the motion for sanctions. An argument date was scheduled on the motion for sanctions on July 16, 1997, and the law firm of Black and Older was notified of this argument date. On the date of the hearing, Dunlap was unrepresented, and the motion for sanctions was granted. Stephen Older entered his appearance on behalf of Dunlap on July 29, 1997, 13 days after the entry of the order for sanctions. The law firm of Black and Older was aware of the hearing on the motion for sanctions scheduled for July 16, 1997 yet, they did nothing to protect their future client's interest. Now almost one year later, after this court has granted summary judgment in favor of Stevens, counsel for Dunlap is attacking the order for sanctions.

Pursuant to Pa.R.C.P. 4019(c), this court may enter an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing into evidence designated documents, things or testimony or from introducing evidence of physical or mental condition. It is interesting to note that the answers to the supplemental interrogatories were supplied when Dunlap filed petition for reconsideration of the order for sanctions and order for summary judgment. There is simply no reason to vacate the order for sanctions. Counsel for Dunlap cannot simply allege Dunlap was unrepresented at the time the order was entered; therefore, the order should be vacated. Counsel for Dunlap had ample time to make sure Dunlap had representation at the hearing on the motion for sanctions. In *Baranowski v. American Multi-Cinema Inc.,* 455 Pa. Super. 356, 688 A.2d 207 (1997), the court held that plaintiff's failure to advise court of position regarding his alleged failure to completely

answer interrogatories until he moved to reconsider discovery sanction against him constituted waiver of arguments and justified entry of sanction order. This court properly entered the order precluding Dunlap from presenting evidence. Dunlap has waived his argument that he was unrepresented at the time the sanction order was entered by waiting to raise the issue for the first time in his petition for reconsideration brought nine months after the order for sanctions was entered. Dunlap cannot be afforded relief now because of his inaction at the trial court level.

The second issue raised by Dunlap is that the court erred when it determined Dunlap failed to meet the limited tort threshold of a "serious impairment of a bodily function" and entered summary judgment against Dunlap and in favor of Stevens. The trial court's entry of summary judgment will only be reversed where there is an abuse of discretion or error of law. *Merriweather v. Philadelphia Newspapers Inc.,* 453 Pa. Super. 464, 684 A.2d 137 (1996). Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In determining whether to grant summary judgment, a trial court must resolve all doubts against the moving party and examine the record in a light most favorable to the non-moving party. Summary judgment may only be granted in cases where it is clear and free from doubt the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2.

The Motor Vehicle Financial Responsibility Law provides that a limited tort plaintiff is precluded from recovering noneconomic damages unless the plaintiff meets the serious injury threshold. 75 Pa.C.S. §1702. In a claim for nonmonetary damages for serious injuries

pursuant to the MVFRL, it is for the trial court, rather than the jury, to initially determine whether plaintiff has established facts sufficient to support a finding of serious injury. The MVFRL defines serious injury as: "a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. §1702. When contemplating a claim premised upon an averment of serious impairment of bodily function, the court must consider: "(1) whether the plaintiff, as the moving party, has established that he or she has suffered serious impairment of a bodily function; (2) whether the defendant, as the moving party, has established that the plaintiff has not suffered serious impairment of a bodily function; or (3) whether there remains a genuine issue of material fact such that the issue should be resolved by the jury." *Leonelli v. McMullen,* 700 A.2d 525, 527 (Pa. Super. 1997).

In determining whether a claimed impairment is "serious," the court must consider the following factors: (1) the extent of the impairment; (2) the particular body function impaired; (3) the length of time the impairment lasted; (4) the type of treatment required to correct the impairment; and (5) any other relevant factor. *Dodson v. Elvey,* 445 Pa. Super. 479, 498-500, 665 A.2d 1223, 1233-34 (1995), *appeal granted,* 544 Pa. 608, 674 A.2d 1072 (1996).

In *Kelly v. Ziolko,* 705 A.2d 868 (Pa. Super. 1997), the plaintiff explained his injuries at a deposition.

"[T]o date he has severe pain in his neck, knees, and intermittent numbness in two toes on his left foot. Since the accident, he has undergone a course of physical therapy and taken an MRI which indicated that he suffered from a bulged/herniated disk. He also voluntarily sought and received treatments for his injured back from a local chiropractor. Kelly further asserted that he suffers back pain as a result of physical activity

or sitting for long periods of time; he has trouble sleeping, cannot run, is unable to walk or sit for longer than 15 minutes. He also contends that he is no longer able to engage in the following recreational activities: riding his mountain bike, riding his motorcycle, and hunting." *Id.* at 874. (footnote omitted)

From the facts stated above, the Superior Court affirmed the trial court's determination that Kelly did not sustain serious bodily injury and that there was no need for the issue to go to a jury. See *Dodson v. Elvey,* 445 Pa. Super. 479, 665 A.2d 1223 (1995), *appeal granted,* 544 Pa. 608, 674 A.2d 1072 (1996) (where court found that plaintiff did not sustain "serious bodily injury" necessary to recover noneconomic damages under MVFRL even though plaintiff testified that he was unable to do his work with the ease that he could prior to the accident and that he was unable to participate in recreational activities such as bowling, playing softball, and lifting weights). See also, *McClung v. Breneman,* 700 A.2d 495 (Pa. Super. 1997) (court in footnote dicta stated that because plaintiff had no difficulty engaging in recreational activities, suffered only mild pain when engaging in activity, had rather nonextensive treatment as she recovered, and returned to work without limitations within two months of her accident, she did not suffer serious impairment of body function); *Murray v. McCann,* 442 Pa. Super. 30, 658 A.2d 404 (1995) (court found plaintiff did not suffer "serious injury" for purposes of limited tort threshold where the pedestrian performed all normal daily activities, had full range of motion of neck and no low back pain after medical treatment, never wore neck brace and was never hospitalized). Cf. *Leonelli v. McMullen,* 700 A.2d 525 (Pa. Super. 1997) (where court found that plaintiff who suffered pains in neck and lower back fulfilled her threshold burden of proving a serious impairment of bodily function).

In the instant case, Dunlap was seen at Albert Einstein Medical Center following the accident where he was diagnosed with a left shoulder contusion and released. Dunlap was seen by Dr. Bowden on February 13, 1992. His initial diagnosis included myofascitis of the upper trapezius, contusions of the left shoulder and tendonitis. An MRI of Dunlap's shoulder revealed tendonitis but was otherwise unremarkable. An EMG was performed in August of 1992, which revealed incidental sensory polyneuropathy. Dunlap sought treatment with Dr. Bowden for a nine-month period. He did not seek treatment in 1993 for his injuries from the accident. Dunlap stated in his deposition that he missed work because of the accident but he could not remember how much work he missed. Dunlap stated he was unable to perform his work in the same capacity as prior to the accident and he was unable to partake in certain types of physical activity such as swimming.[2]

Here, Dunlap complains he suffers pain in the shoulder and corresponding numbness in his hand since the date of the accident. He underwent nine months of physical therapy following the accident. He was able to perform his job as a mold tender but was forced to work less hours. He states that he has an inability to hold or grip things and an inability to carry heavy

---

2. "Q. Mr. Dunlap, outside of how this accident affected your ability to work, were there hobbies outside of work or activities that you had to stop or limit for any particular period of time?

"A. Yes, no swimming, no being physical; but I do understand the fact that I'm 47 years old. I ain't no spring chicken. I don't get out and play basketball like the rest of them. It does affect your outgoing social life as far as being out socially and having to be in pain at one time or another and having to leave a party or being out with your wife and experience that type of pain." (See deposition of Arnold Dunlap—2/28/95—pp. 36-37.)

objects. It is clear Dunlap suffered an injury to his shoulder; however, his slight limitations do not show a serious interference with his life and there is no triable issue of fact that Dunlap suffered a minor rather than a serious injury as required under the MVFRL. See *Dodson v. Elvey,* 455 Pa. Super. 479, 665 A.2d 1223 (1995), *appeal granted,* 544 Pa. 608, 674 A.2d 1072 (1996).

The last issue raised by Dunlap is that the court erred in not reconsidering its order for summary judgment because the executed limited tort forms may or may not contain a cost comparison between the premiums for limited and full tort consistent with *Donnelly v. Bauer,* 453 Pa. Super. 396, 683 A.2d 1242 (1996), *appeal granted,* 548 Pa. 627, 693 A.2d 967 (1997). Dunlap's complaint arises out of an accident which took place in February of 1992. It was not until after this court granted Stevens' motion for summary judgment that Dunlap raised the issue that he may not be a limited tort plaintiff. More than six years have passed since the day of the accident and now Dunlap claims his tort waiver forms may not contain the appropriate cost comparisons. Dunlap had ample time to locate his own tort selection forms and did not do so. He has admitted in his answer to Stevens' motion for summary judgment that he is a limited tort plaintiff.[3] Dunlap cannot now raise the issue of whether he is a limited tort plaintiff.

---

3. In Dunlap's answer to Stevens' motion for summary judgment at paragraph 2, he states: "It is admitted that at the time of the accident, plaintiff was bound by the limited tort option."

158

## CONCLUSION

For the foregoing reasons, this court's order entered on March 31, 1998 granting summary judgment in favor of Stevens, and this court's order entered July 16, 1997 sanctioning Dunlap were proper and should be affirmed.